In re An ORIGINAL INVESTIGATION, SPECIAL GRAND JURY OF MARION COUNTY, Indiana.

INDIANA BELL TELEPHONE CO., INC., Appellant-Respondent,

v.

STATE of Indiana, Appellee-Petitioner.

No. 1079S297.

Supreme Court of Indiana.

Aug. 12, 1980.

Bruce N. Cracraft, Richard L. Besore & Harold L. Folley, Indianapolis, for appellant-respondent.

Stephen Goldsmith, Pros. Atty., Nineteenth Judicial Circuit, Theodore L. Sendak, Atty. Gen., Indianapolis, for appellee-petitioner.

GIVAN, Chief Justice.

## ON PETITION FOR CLARIFICATION

Indiana Bell Telephone Company has filed a petition for clarification of our opinion handed down on April 7, 1980.

In response to the telephone company's petition, we make the following clarification.

The petition observes there is no mention in the trial court order of private line facilities and that the order would seem to indicate that the prosecutor's agents may enter and remain for thirty (30) days in the telephone company central office.

It is conceded that the trial court's order and this Court's opinion could be so construed, although such was not the intention of this Court.

The telephone company suggests in its petition that the opinion of this Court be modified to order them ". . . to provide a leased line and assistance . . . at such location or locations other than Indiana Bell's premises as may be specified by that court . . . ."

We decline to go that far in the modification of our original opinion.

The original opinion is clarified and is to be understood as holding that no agent of the prosecutor's office is to ". . . enter and remain for 30 days in the telephone company central office."

If a trial court orders the installation and use of a pen register device in the telephone company's central office, such installation and operation is to be carried out by telephone company personnel. The State shall reimburse the telephone company for the reasonable value of such services.

DeBRULER, HUNTER and PIVARNIK, JJ., concur.

PRENTICE, J., dissents without opinion.